Laila Thompson, Esq. (SBN: 225882)
laila@westcoastlitigation.com
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
**Hyde & Swigart**
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
(619) 233-7770
(619) 297-1022

Attorneys for Irene S. Russo

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Irene S. Russo<br><br>                    Plaintiff,<br><br>v.<br><br>Robinson & Associates<br><br>                    Defendant. | Case No: _____<br><br>**Complaint For Damages**<br><br>**Jury Trial Demanded** |

# INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt

collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

3. Irene S. Russo, (Plaintiff), through Plaintiff's attorneys, brings this action to challenge the actions of Robinson & Associates , ("Defendant"), with regard to attempts by Defendant to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6. Unless otherwise stated, all the conduct engaged in by Defendant took place in California.

7. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

**JURISDICTION AND VENUE**

8. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

9. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("Rosenthal Act").

10. Plaintiff is a natural person who resides in the City of Santa Barbara, County of Santa Barbara, State of California.

11. Plaintiff resides in Santa Barbara County, as defined by 28 U.S.C. § 1391c(1), the judicial district in which this lawsuit is brought.

12. At the time of the substantial part of the events or omissions giving rise to the claim occurred, specifically, Plaintiff received a letter from Defendant at her place of employment, Plaintiff was physically located in the City of Santa Barbara, County of Santa Barbara, State of California.

13. Because a substantial part of the events or omissions giving rise to the claim occurred in Santa Barbara County, venue is proper pursuant to 28 U.S.C. § 1391b(2).

14. At all times relevant, Defendant conducted business within the State of California.

## PARTIES

15. Plaintiff is a natural person who resides in the City of Santa Barbara, State of California.

16. Defendant is located in the City of Los Angeles, in the State of California.

17. Plaintiff is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

18. Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

HYDE & SWIGART
San Diego, California

19. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

20. Defendant, in the ordinary course of business, regularly, on behalf of himself, herself, or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), is therefore a debt collector as that term is defined by California Civil Code § 1788.2(c).

21. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

## FACTUAL ALLEGATIONS

22. Sometime before November 26, 2013, Plaintiff is alleged to have incurred certain financial obligations for an online educational expense.

23. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

24. These alleged obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and are therefore a "debt" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

25. Sometime thereafter, but before November 26, 2013, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt. Plaintiff currently takes no position as to the validity of this alleged debt.

26. Subsequently, but before November 26, 2013, the alleged debt was assigned, placed, or otherwise transferred, to Defendant for collection.

27. On or about November 26, 2013, Defendant mailed a dunning letter to Plaintiff. A few days later, Plaintiff received that letter.

28. This communication to Plaintiff was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), and an "initial communication" consistent with 15 U.S.C. § 1692g(a).

29. This communication was a "debt collection" as Cal. Civ. Code 1788.2(b) defines that phrase, and an "initial communication" consistent with Cal. Civ. Code § 1812.700(b).

30. The November 26, 2013, letter was intentionally sent to Plaintiff's place of employment addressed to

> Irene S. Russo
> C/O Santa Barbara Unified Schol (sic)
> 720 Santa Barbara Street
> Santa Barbara, California 93101

31. By sending the letter addressed C/O Santa Barbara Unified School, Defendant intended on having a representative of Plaintiff's employer open and read the letter. Defendant's intention was to harass, embarass and humiliate Plaintiff.

32. In fact, the letter was read by a representative of Plaintiff's employer.

33. The November 26, 2013, letter clearly stated that it was regarding an attempt to enforce the collection of a debt and stated as follows,

> "Please be advised that ROBINSON & ASSOCIATES intends to file a legal action against you in the Superior Court of the Judicial District having jurisdiction over the matter, to enforce the collection of the above claim. Please be further advised that unless payment in full is received with in ten (10) days from the date of this letter, we intend to institute said action in the aforesaid court, and said action may result in a judgment against you, including an award of costs for filing fees and service of process. If you wish to avoid this consequence, you should contact ROBINSON & ASSOCIATES at (213) 250-7111#88. Please guide yourself accordingly."

34. The November 26, 2013, letter was regarding an alleged debt and it was sent to a third party.

35. Except as provided in 15 U.S.C. § 1692b, and without the prior consent of the consumer given directly to the Defendant, and without the express permission of a court of competent jurisdiction, and for a purpose not reasonably necessary to effectuate a post-judgment judicial remedy, Defendant communicated, in connection with the collection of a debt, with a person other than the consumer, her attorney, a consumer reporting agency, the creditor, the attorney of the creditor, or the attorney of Defendant. Consequently, Defendant violated 15 U.S.C. § 1692c(b). Through this conduct, Defendant communicated with the employer of Plaintiff regarding the alleged debt when such a communication was not necessary to the collection of the alleged debt, and when the attorney for Plaintiff had not consented in writing to such communication. Consequently, this conduct or omission violated Cal. Civ. Code § 1788.12(a).

36. Defendant deliberately sent the letter to Plaintiff's employer and addressed it C/O Santa Barbara Unified School to ensure Plaintiff's employer opened and read the letter.

37. Defendant did so to harass, embarrass and humiliate Plaintiff by making her employer and coworkers aware of the alleged debt.

38. Plaintiff was in fact embarrassed and humiliated when she learned about the letter that Defendant sent to her work.

39. Plaintiff was fearful that she would lose her job as a substitute teacher.

40. In order to avoid being fired Plaintiff did not call in for work for three (3) weeks hoping the letter would be forgotten, as a result she did not work for three (3) weeks.

41. During this communication with Plaintiff, Defendant stated that failure to pay the debt would, "result in a judgment against you, including an award of costs for filing fees and service of process".

42. Defendant intentionally failed to state that there is a proper litigation process that must occur first and Defendan't must be successful in their lawsuit before they can obtain any judgments against Plaintiff, whatsoever.

43. Through this conduct, Defendant used false representations or deceptive means to collect or attempt to collect a debt or to obtain information concerning a consumer. Consequently, Defendant violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10). Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

44. On December 9, 2013, Defendant filed a civil court case in the Los Angeles County Superior Court, Norwalk Courthouse, case number 13N27486 for the alleged debt.

45. Plaintiff lives in Santa Barabara County and never signed a contract for the alleged debt in Los Angeles County.

46. This case was intentionally filed in the wrong venue.

47. Defendant brought a legal action against Plaintiff unrelated to real property in a judicial district or similar legal entity that is outside of where Plaintiff allegedly signed the contract sued upon and is outside the judicial district or similar legal entity where Plaintiff resided at the commencement of the action. This conduct by Defendant violated 15 U.S.C. § 1692i. Through this conduct, Defendant collected or attempted to collect a consumer debt, other than one reduced to judgment, by means of judicial proceedings in a county other than the county in which the debtor had incurred the consumer debt or the county

in which the debtor resided at the time such proceedings were instituted, or resided at the time the debt was incurred. Consequently, Defendant violated Cal. Civ. Code § 1788.15(b).

## CAUSES OF ACTION

### COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

### 15 U.S.C. §§ 1692 ET SEQ.

48. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

49. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

50. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

### COUNT II

### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (ROSENTHAL ACT)

### CAL. CIV. CODE §§ 1788-1788.32

51. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

52. The foregoing acts and omissions constitute numerous and multiple violations of the Rosenthal Act, including but not limited to each and every one of the above-cited provisions of the Rosenthal Act, Cal. Civ. Code §§ 1788-1788.32

53. As a result of each and every violation of the Rosenthal Act, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to

$1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendant.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

- An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);
- An award of actual damages pursuant to California Civil Code § 1788.30(a);
- An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c).

54. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

**Hyde & Swigart**

Date: April 10, 2014         By:  s/Laila Thompson
                                  Laila Thompson
                                  Attorneys for Plaintiff